IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

ROBERT WALKER                    )    CASE NO.  1:10CV1703
                                 )
        Plaintiff,               )
                                 )
        v.                       )    JUDGE DONALD C. NUGENT.
                                 )
WILLIAM MASON, et al.            )    MEMORANDUM OF OPINION
                                 )    AND ORDER
        Defendants.              )

Plaintiff *pro se* Robert Walker filed this action under the Civil Rights Act of 1871, 42 U.S.C.

§ 1983, against Defendants Cuyahoga County, Ohio Prosecutor William Mason, Assistant Cuyahoga

County Prosecutors Kevin Filiatraut, David Zimmerman and Michael O'Malley, Cuyahoga County

Common Pleas Court Judge Nancy Fuerst, Attorney William McGinty, City of Cleveland, Ohio, City

of Cleveland Mayor Frank Jackson, and Cuyahoga County. On August 6, 2010, Plaintiff pled guilty

to kidnapping (R.C. 2905.01), rape (R.C. 2907.02) and attempted sexual battery, (R.C. 2907.03) in

*State of Ohio v. Walker*, Case No. CR-09-529861. *Also, in State of Ohio v. Walker*, Case No. CR-09-

525538, Plaintiff pled guilty to notice of change of address (R.C. 2950.05) and verification of current

residence address (R.C. 2950.06). He was sentenced to a term of imprisonment of 16 years to life

for kidnapping, 15 years to life for rape and 18 months for attempted sexual battery along with 4

years for notice of change of address and verification of current residence address, all counts to run

concurrently

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365

(1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to

dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

Plaintiff's Complaint relates to his criminal cases. His allegation that his conviction resulted from false arrest, malicious prosecution, lack of probable cause and ineffective assistance of counsel clearly challenges the validity of his conviction and resulting confinement in an Ohio penal institution. The Supreme Court has held that, when a prisoner challenges "the very fact or duration of his physical imprisonment, ... his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475 (1973). In other words, a complaint seeking relief under 42 U.S.C. § 1983 is not a permissible alternative to a petition for writ of habeas corpus if the plaintiff essentially challenges the legality of his confinement. *Id*

Thus, absent an allegation that Plaintiff's conviction has been reversed, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus, Plaintiff may not recover damages for his claim. *Heck v. Humphrey*, 512 U.S. 477 (1994); *Omosule v. Hurley*, 2009 WL 5167641 * 2 (S.D. Ohio, Dec 21, 2009). The Court's ruling applies to all Defendants including Attorney William McGinty against whom Plaintiff has asserted ineffective assistance of counsel.

Judge Nancy Fuerst is a common pleas court judge. It is well established that judges are immune from liability for actions taken within the scope of their official duties. *Pierson v. Ray*, 386 U.S. 547 (1967). This is true even if a judge acts erroneously, corruptly, or in excess of jurisdiction. *Stump v. Sparkman*, 435 U.S. 349 (1978). When the function complained of is truly a judicial act,

2

judicial immunity applies. *Yarbrough v. Garrett,* 579 F.Supp.2d 856, 860 (E.D. Mich., 2008)(citing *Bush v. Rauch,* 38 F.3d 842, 847 (6th Cir. 1994)). No facts have been alleged that reasonably suggest that defendant acted outside the scope of her official duties. Judge Fuerst was definitely acting within the scope of her official duties in presiding over Plaintiff's court cases.

Prosecutors are absolutely immune from liability under § 1983 for their conduct as long as that conduct is intimately associated with the judicial phase of the criminal process. *Imbler v. Pachtman,* 424 U.S. 409, 430 (1976). "The analytical key to prosecutorial immunity ... is advocacy-whether the actions in question are those of an advocate." *Skinner v. Govorchin,* 463 F.3d 518, 525 (6th Cir. 2006) (citations and internal quotation marks omitted). There is no indication in the Complaint that Prosecutor William Mason or Assistant Prosecutors Kevin Filiatraut, David Zimmerman and Michael O'Malley were acting outside of the scope of their responsibilities.

There is nothing in the Complaint showing that Mayor Jackson participated in Plaintiff's criminal case. The Sixth Circuit held in *Hays v. Jefferson County, Ky.,* 668 F.2d 869, 874 (6th Cir. 1982), that a supervisor must have at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct. Also, a failure to supervise, control or train an individual is not actionable "unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir. 1999). *See Hussein v. City of Perrysburg,* 535 F.Supp.2d 862, 873 (N.D. Ohio, 2008)(liability of a defendant under § 1983 cannot be based solely on the right to control employees, or simple awareness of employees' misconduct), *rev'd on other grounds,* 617 F.3d 828 (6th Cir. 2010). Because proof of personal involvement is required, liability cannot be imposed under *respondeat superior. Grinter v. Knight,* 532 F.3d 567, 575 (6th Cir. 2008).

3

The Sixth Circuit has held that "in order to state a claim against a city under § 1983, a plaintiff must show that his injury was caused by an unconstitutional 'policy' or 'custom' of the municipality or the county." *Stemler v. City of Florence,* 126 F.3d 856, 865 (6th Cir.1997). *See Monell v. Department of Soc. Servs. of the City of New York,* 436 U.S. 658, 692 (1978). The same rule applies to a county. *Miller v. Cahhoun County,* 408 F.3d 803, 813 (6th Cir. 2005). Even if custom or policy has been alleged, *Preiser* and *Heck* preclude recovery of damages.

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date: November 23, 2010

JUDGE DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

4